UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY J. TESTA, | |
| Plaintiff, | Civ. Action No. 17-1618-BRM-DEA |
| v. | |
| JACK HOBAN, *et al.* | **MEMORANDUM ORDER** |
| Defendants. | |

**THIS MATTER** is opened to the Court *sua sponte* on an Order to Show Cause why the Complaint should not be dismissed in its entirety for Plaintiff Anthony J. Testa ("Testa") as Executor for the Estate of Rose Marie A. Testa's failure to serve defendants pursuant to Federal Rule of Civil Procedure 4. (ECF No. 65.) The Court also ordered Testa[1] to amend the Complaint within fourteen days of January 30, 2018, to cure the deficiencies therein. (*Id.*). Testa failed to timely comply with the Court's Order and instead filed an Application for an Extension to File an Amended Complaint (the "Application") on February 14, 2018, which was beyond the Court's deadline. (ECF No. 67.) For the reasons set forth herein, Testa's Application is **DENIED** and the Complaint is **DISMISSED WITH PREJUDICE** in its entirety.

On November 7, 2016, Testa filed the Complaint on behalf of his mother's estate ("the Estate") in the United States District Court for the Southern District of New York. Testa asserted claims against Defendants Jack Hoban, Joseph Achacoso, numerous federal agencies ("Federal

---

[1] The Court uses "Testa" to refer to him both in his capacity as Executor and as an individual insofar as he is personally involved in allegations in the Complaint.

1

Defendants"), the police departments and mayors of several New Jersey municipalities ("Municipal Defendants"), and several insurance companies (collectively, "Defendants")[2] for allegedly murdering his mother, Rose Marie A. Testa, covering up the murder, repeatedly and systematically harassing Testa through activities including illegal surveillance, interference with Testa's educational, medical, business, and personal relationships, tampering with Testa's mail, illegal detention, and obstruction of Plaintiff's attempts to pursue litigation. On February 7, 2017, the Honorable J. Paul Oetken, U.S.D.J. issued an order to show cause as to why the case should not be transferred to this Court in view of the case already pending before this Court. (ECF No.

---

[2] Plaintiff brings claims against Hoban; Achacoso; the Federal Bureau of Investigation ("FBI"); the Department of Justice ("DOJ"); the United States Secret Service ("USSS"); the Department of Homeland Security ("DHS"); the Central Intelligence Agency ("CIA"); the National Security Agency ("NSA"); the Township of Union Police Department ("Union PD") and Mayor Manuel Figuieredo (collectively, "Union Defendants"); the Toms River Police Department ("Toms River PD") and Mayor Thomas Kelaher (collectively, "Toms River Defendants"); the City of Newark Police Department and Mayor Ras Baraka ("Newark Defendants"); the Township of Colts Neck Police Department ("Colts Neck PD") and Mayor Thomas Orgo (collectively, "Colts Neck Defendants"); the Kenilworth Police Department ("Kenilworth PD") and Mayor Anthony DeLuca (collectively "Kenilworth Defendants"); the City of Atlantic City Police Department and Mayor Donald A. Guardian ("Atlantic City Defendants"); the Township of Woodbridge Police Department and Mayor John McCormac ("Woodbridge Defendants"); the Township of Wall Police Department and Mayor Ann Marie Conte ("Wall Defendants"); the Borough of Point Pleasant Beach Police Department ("Point Pleasant PD") and Mayor Stephen D. Reid (collectively, "Point Pleasant Defendants"); the Township of Bernards Police Department ("Berndards PD") and Mayor John Carpenter (collectively, "Bernards Defendants"); the Spring Lake Police Department and Mayor Jennifer Naughton ("Spring Lake Defendants"); the Township of Manchester Police Department ("Manchester PD") and Mayor Ken Palmer (collectively, "Manchester Defendants"); Prudential Insurance Company of America, Pruco Life Insurance Company, Pruco Life Insurance Company of New Jersey, Prudential Annuities, Inc. (improperly pled as "Prudential Annuities"), Prudential Annuities Life Assurance Corporation (improperly pled as Prudential Annuities Life Insurance Corporation), Prudential Legacy Insurance Company of New Jersey, and Prudential Financial, Inc. (collectively, "Prudential Defendants"); MetLife, Inc., Metropolitan Life Insurance Company, MetLife Insurance Company USA, and Metropolitan General Insurance Company (collectively, "MetLife Defendants"; jointly with Prudential Defendants, "Insurance Defendants"); the Treasurer of the State of New Jersey; and Doe defendants, "Doe 'Arrogant Bastard Ale'" and "Doe 'The Last Straw.'"

2

9.) Testa filed a brief in support of the case being venued in the Southern District of New York (ECF No. 22) and Federal Defendants filed a letter brief in support of transfer to the District of New Jersey (ECF No. 21). On March 1, 2017, Judge Oetken ordered the case transferred to this Court. (ECF No. 23.)

Insurance Defendants, Union Defendants, Point Pleasant Defendants, Manchester Defendants, Kenilworth Defendants, and Bernards Defendants filed motions to dismiss. (ECF Nos. 28, 38, 41, 42, 52, and 58.) Testa opposed Insurance Defendants' Motion. (ECF No. 51.) He sought and was granted several extensions to oppose the other motions. (ECF Nos. 31, 35, 39, 43, 44, 47, 53, 55, 56, 59, 60.) The Court informed Testa he would receive no additional extensions and his failure to comply with the briefing schedule in the Court's Order of July 31, 2017, would result in the pending Motions to be considered unopposed. (ECF No. 60.) On August 14, 2017, Testa sought an additional extension. (ECF No. 61.) The Court denied this request. (ECF No. 62.) On January 30, 2018, the Court granted the motions to dismiss and issued the Order to Show Cause. (ECF No. 65.) Testa also filed a Motion to Amend the Complaint on July 11, 2017 (ECF No. 56), seeking to join his cable television provider as a defendant, which the Honorable Douglas E. Arpert, U.S.M.J. denied (ECF No. 63).

Testa's Application, which is thirty-three pages long, reiterates many of the same assertions the Court identified as deficient. (ECF No. 67.) Testa also makes new allegations, including some involving individuals who are not parties to the litigation. (*Id.* ¶ 19.4.) Testa estimates he will need an extension until August 2018 to file an Amended Complaint due to a variety of reasons, including health issues, preparing for the New Jersey Bar Exam, and because of "attempts by my opponents in federal litigation to literally starve me to death." (*Id.* ¶¶ 19.1-19.3.) The Court finds Testa's

3

untimely request to be unreasonable and improper.³ Procedurally, Plaintiff's request is filed as an informal application rather than a formal motion, and it fails to include a proposed amended complaint. *See* L.Civ.R. 7.1, 15.1(b). Substantively, the informal proposed amendments are outside of the scope of what the Court permitted in its January 30, 2018 Order. The Court has already denied Plaintiff's prior attempts to add parties and claims (ECF No. 63) and sees no reason to, at this later date, permit an amendment where an amendment continues to be futile.

Moreover, and perhaps most significantly, Plaintiff failed to respond to the Court's Order directing him to show cause why his case should not be dismissed for failure to properly serve defendants. Although courts must liberally construe submissions by *pro se* parties, Testa's *pro se* status does not exempt him from compliance with the Court's order and applicable rules. *See Jones v. Sec'y Pennsylvania Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014) ("Although we liberally construe *pro se* filings, [plaintiff] is not exempt from procedural rules or the consequences of failing to comply with them."). Pursuant to Rule 4(m), if service of the summons and complaint is not made within 90 days after the complaint is filed, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time." *See Sykes v. Blockbuster Video*, 205 F. App'x 961, 962 (3d Cir. 2006). "If the plaintiff shows good cause for the failure, the court shall extend the time for service. *Id.* (citing Fed. R. Civ. P. 4(m)).

---

³ To the extent Testa's request is one for an extension to file a motion to amended complaint—rather than a straight-forward motion to amend—that request is likewise denied. Testa unilaterally decided the Court-ordered deadline to amend was an insufficient amount of time to amend the Complaint (ECF No. 67 ¶ 17) and, instead of filing a simple, timely request for an extension, chose to file an untimely, thirty-three page application detailing additional allegations. Indeed, Testa concedes he could have filed the extension request by February 12, 2018, but did not do so. (*Id.* ¶ 18.) Further, for the reasons set forth herein, any proposed amendments resulting from an extension would be futile.

Here, Testa has not attempted to show good cause for the failure to serve. "If service is put in issue by a defendant, a plaintiff has 'the burden of proving proper service.'" *McCray v. Unite Here*, No. 13-CV-6450, 2014 WL 2611830 (D.N.J. June 11, 2014) (quoting *River Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *citing Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). The Application does not mention the issue of service. Testa fails to demonstrate how this Court has jurisdiction over defendants. A plaintiff "bears the burden to prove, by a preponderance of the evidence, that personal jurisdiction is proper." *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).

Accordingly,

**IT IS** on this 20th day of February 2018,

**ORDERED** that the Application for an Extension to File an Amended Complaint (ECF No. 67) is **DENIED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE** in its entirety for Plaintiff's failure to serve defendants pursuant to Federal Rule of Civil Procedure 4; and it is finally

**ORDERED** that the Clerk should **CLOSE** the case.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
