*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY J. TESTA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1618 (FLW) (DEA) |
| JACK HOBAN, *et. al.*, | : OPINION |
| Defendants. | : |

**WOLFSON, United States District Judge:**

Before this Court are two Motions for Relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) filed by *pro se* Plaintiff Anthony J. Testa's ("Testa") as Executor for the Estate of Rose Marie A. Testa.[1] (ECF Nos. 70, 71.) Defendants Jack Hoban ("Hoban"), Joseph Achacoso ("Achacoso"), numerous federal agencies ("Federal Defendants"), the police departments and mayors of several New Jersey municipalities ("Municipal Defendants"), and several insurance companies (collectively, "Defendants")[2] oppose the motions. (ECF Nos. 72, 73,

---

[1] The Court uses "Testa" to refer to him both in his capacity as Executor and as an individual insofar as he is personally involved in allegations in the Complaint.

[2] Plaintiff brings claims against Hoban; Achacoso; the Federal Bureau of Investigations ("FBI"); the Department of Justice ("DOJ"); the United States Secret Service ("USSS"); the Department of Homeland Security ("DHS"); the Central Intelligence Agency ("CIA"); the National Security Agency ("NSA"); the Township of Union Police Department ("Union PD") and Mayor Manuel Figuieredo (collectively, "Union Defendants"); the Toms River Police Department ("Toms River PD") and Mayor Thomas Kelaher (collectively, "Toms River Defendants"); the City of Newark Police Department and Mayor Ras Baraka ("Newark Defendants"); the Township of Colts Neck Police Department ("Colts Neck PD") and Mayor Thomas Orgo (collectively, "Colt Neck Defendants"); the Kenilworth Police Department ("Kenilworth PD") and Mayor Anthony DeLuca (collectively, "Kenilworth Defendants"); the City of Atlantic City Police Department and Mayor

74, 75, 76, 77, 78.) Pursuant to Federal Rule of Civil Procedure 78(a), the Court did not hear oral arguments. For the reasons set forth below, Testa's Motions for Relief are **DENIED**.

## Background

The underlying facts and procedural background are set forth at length in the Honorable Brian R. Martinotti's January 30, 2018 Opinion (ECF No. 64) and February 20, 2018 Memorandum Opinion (ECF No. 68), from which Testa seeks relief from judgment.[3] In the interest of judicial economy, the Court refers the parties to these Opinions for a full recitation of the factual background of this dispute.[4]

In summary, the case arises out of Testa's allegations of a conspiracy by Defendants to murder his mother, cover up the crime, and obstruct his efforts to investigate his mother's death

---

Donald A. Guardian ("Atlantic City Defendants"); the Township of Woodbridge Police Department and Mayor John McCormac ("Woodbridge Defendants"); the Township of Wall Police Department and Mayor Ann Marie Conte ("Wall Defendants"); the Borough of Point Pleasant Beach Police Department ("Point Pleasant Defendants"); the Township of Bernards Police Department ("Bernards PD") and Mayor John Carpenter (collectively, "Bernards Defendants"); the Spring Lake Police Department and Mayor Jennifer Naughton ("Spring Lake Defendants"); the Township of Manchester Police Department ("Manchester PD") and Mayor Ken Palmer (collectively, "Manchester Defendants"); Prudential Insurance Company of America, Pruco Life Insurance Company of New Jersey, Prudential Annuities, Inc. (improperly pled as "Prudential Annuities"), Prudential Annuities Life Assurance Corporation (improperly pled as Prudential Annuities Life Insurance Corporation), Prudential Legacy Insurance Company of New Jersey, and Prudential Financial, Inc. (collectively, "Prudential Defendants"); MetLife, Inc., Metropolitan Life Insurance Company, MetLife Insurance Company USA, and Metropolitan General Insurance Company (collectively, "MetLife Defendants"; jointly with Prudential Defendants, "Insurance Defendants"); the Treasurer of the State of New Jersey; and Doe defendants, "Doe 'Arrogant Bastard Ale'" and "Doe 'The Last Straw.'"

[3] This case was reassigned from Judge Martinotti to me on May 14, 2018 (ECF No. 79).

[4] As noted in Judge Martinotti's January 30, 2018 Opinion, Testa previously brought a very similar lawsuit before me, *Testa v. Hoban*, 16-CV-0055 ("*Testa I*"). On September 14, 2016, I granted eleven motions to dismiss filed by all defendants in that case other than Hoban, and denied a motion to intervene on behalf of the Estate. (*Testa I*, ECF No. 114.) On December 6, 2016, *Testa I* was reassigned to Judge Martinotti. (ECF No. 135.) On May 30, 2017, Judge Martinotti denied Testa's motion to reconsider my decision in *Testa I*. (*Testa I*, ECF No. 152.)

and go about his daily life. (Compl. (ECF No. 1) at 3.) Additionally, Testa alleges Defendants used various surveillance techniques to interfere with his effort to uncover the conspiracy, as well as harass and intimidate him. (*Id.*) In his Complaint, Testa's requests for relief included: (1) various findings against Defendants for negligence, fraud, tortious interference with his relationship with his mother, obstruction of justice, and harassment; (2) an order from this Court to compel "a law enforcement agency competent for the task that can demonstrate to the Court that it does not have a conflict of interest" to "process the scene" at his mother's former residence; and (3) sanctions in the event Defendants had staged his mother's death by presenting Testa with a corpse of an unknown person. (*Id.* ¶¶ 858-69.)

In response, the Insurance Defendants, Point Pleasant Defendants, Manchester Defendants, Kenilworth Defendants, and Bernards Defendants filed five separate motions to dismiss (ECF Nos. 28, 41, 42, 52, 56) and the Union Defendants filed a motion for judgment on the pleadings (ECF No. 38). Testa opposed the Insurance Defendants' motion to dismiss but requested, and was granted, several extensions to respond to the other motions. (ECF Nos. 31, 35, 39, 43, 44, 47, 53, 55, 56, 59, 60.) Judge Martinotti informed Testa that he would receive no additional extensions, and his failure to comply with the briefing schedule in the July 31, 2017 Order would result in the pending motions to be considered unopposed. (ECF No. 60.) Nonetheless, on August 14, 2017, Testa moved again for an additional extension (ECF No. 61) and Judge Martinotti denied the request (ECF No. 61).

On January 30, 2018, all six motions filed by Defendants were granted and Testa's claims were dismissed without prejudice. (ECF No. 65.) Additionally, Judge Martinotti issued an Order to Show Cause for why Testa's case should not be dismissed in its entirety for failure to properly serve Defendants. (*Id.*) On February 14, 2018, Testa submitted an application for an extension to

3

file an amended complaint, claiming he needed until August 2018 due to various reasons, including health issues, preparing for the New Jersey Bar Exam, and because of "attempts by my opponents in federal litigation to literally starve me to death." (ECF No. 67 ¶¶ 19.1-19.3.) Notably, the thirty-three page long application merely reiterated many of the same assertions Judge Martinotti identified as deficient. (*Id.*) On February 20, 2018, Judge Martinotti denied the application for an extension to file an amended complaint and dismissed with prejudice Testa's Complaint in its entirety for failing to serve Defendants pursuant to Federal Rule of Civil Procedure 4. (ECF No. 68.) In the present motion, Testa seeks relief from judgment of the January 30, 2018 and February 20, 2018 Orders. (ECF Nos. 70, 71.)

**Discussion**

### I. Legal Standard

Pursuant to the Federal Rule of Civil Procedure 60, a party may seek relief from a final judgement or order. Rule 60(a) provides, in pertinent part:

> Clerical mistakes in judgment, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Whereas Rule 60(a) only applies to "clerical mistakes," Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Specifically, a court may grant relief from a final judgment or order under Rule 60(b) for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

4

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Significantly, the "remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Generally, "[a] Rule 60(b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Megan¸* 638 F.2d 646, 648 (3d Cir. 1981) (quotation omitted). Nonetheless, a Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). Further, a motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

Testa seeks relief from the January 30, 2018 and February 20, 2018 Orders pursuant to both sections (a) and (b) of Rule 60. (ECF No. 70 at 1; ECF No. 71 at 1.) Accordingly, the Court addresses in turn whether in the interest of justice relief from its January 30, 2018 and February 20, 2018 Orders should be granted. *See Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) ("The general purpose of Rule 60, which provides for relief from judgment

for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.")

## II. January 30, 2018 Order

Pursuant to Rule 60, a court may relieve a party from a final judgment or order. *Gonzalez*, 545 U.S. at 527. A judgment or order is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cooper v. Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). As the Third Circuit explained, "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint." *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002); *see also Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir. 1991). Although Testa seeks relief from the January 30, 2018 Order, Judge Martinotti dismissed Testa's claims without prejudice and allowed him "fourteen days to amend the Complaint to cure the deficiencies therein." (ECF No. 64.) Indeed, the Judge only dismissed the Complaint with prejudice in the February 20, 2018 Order. (ECF No. 68.) Accordingly, because Testa was offered the opportunity to cure the deficiencies and refile his complaint, the January 30, 2018 Order was not a final judgment and Rule 60 does not apply. Accordingly, Testa's motion for relief of the January 30, 2018 Order is **DENIED.**

## III. February 20, 2018 Order

Testa seeks relief pursuant to Rule 60(a), (b)(1), (b)(3), and (b)(6) from the February 20, 2018 Order, denying his request for an extension to file an amended complaint and dismissing his claims for failing to serve Defendants. (ECF No. 71 at 1.) Specifically, Testa argues that denying him the opportunity file an amended complaint would be prejudicial and manifestly unjust.[5] (ECF

---

[5] Although Testa raised several arguments, the content of his assertions are generally unclear, disjointed, and irrelevant to the present motion. Therefore, to the extent Testa's arguments can be discerned, the Court will address the portions related to his request for relief.

No. 71 at 25.) However, Testa has not established "extraordinary, and special circumstances" to justify granting relief and reopening the case. *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004).

As an initial matter, relief pursuant to Rule 60(a) does not apply here because no clerical mistake was made in issuing the February 20, 2018 Order. *See Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Moreover, to the extent Testa seeks relief under Rule 60(b)(1) for mistake, relief on this basis only concerns mistakes of a substantive nature. *See Id.* ("Rule 60(b)(1) is concerned with mistakes of a substantive nature.") Mistake under Rule 60(b)(1) is not implicated in the present matter because Testa's claims were dismissed on procedural grounds. Rather, the applicable portion here for a Rule 60(b)(1) motion is "excusable neglect," where "all relevant circumstances surrounding a party's failure to file" are considered.[6] *George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (citing *Pioneer Inv. Servs. Comp. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Testa's inability to comply with several prior orders is far from excusable. *See Blomeyer v. Levinson*, No. 02-8378, 2006 WL 463503, at *9 (E.D. Pa. Feb. 21, 2006) ("Plaintiff, regardless of his *pro se* status, is bound by the same procedural rules as any party."). In the January 30, 2018 Opinion, Judge Martinotti examined Testa's claims, many of which are merely reiterated in the present motion for relief, and dismissed the Complaint without prejudice for failure to state a claim. (ECF No. 64.) Additionally, the court noted Testa's pleading was procedurally deficient

---

[6] In seeking relief under Rule 60(b)(1), Testa argues "[t]he Court imposed a time constraint of fourteen days . . . to amend which was not enough time." (ECF No. 70 at 39.) Because this allegation is not a "litigation mistake," nor does Testa identify "a substantive mistake of law or fact," the Court addresses Testa's arguments under the "excusable neglect" standard of Rule 60(b)(1). *Den Be ex rel. Bell v. Hamilton Twp.* (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

7

for failing to serve Defendants pursuant to Federal Rule of Civil Procedure 4. (ECF No. 65.) Notwithstanding, Judge Martinotti allowed Testa the opportunity to file an amended complaint and directed him to show good cause for not serving Defendants. (*Id.*) However, rather than complying with the court-ordered deadline, Testa unilaterally decided the amount of time was insufficient and opted to not file an amended complaint. (ECF No. 67 ¶ 17.) Instead, Testa chose to file an untimely, thirty-three page application requesting an extension and detailing additional rambling, fantastical allegations.[7] (*See generally, id.*) Notably, Testa conceded that he could have filed a timely extension, but did not do so. (*Id.* ¶ 18.) Furthermore, the fact that Testa was capable of submitting a thirty-page document belies his position that he could not timely amend his complaint or explain his failure to make service. Therefore, while relief may be granted for excusable neglect, "a litigant's protracted and unjustified carelessness alone does not constitute excusable neglect for Rule 60(b)(1) purposes." *Den Be ex rel. Bell v. Hamilton Twp. Mun. Court*, No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (citing *Kagan v. Caterpiller Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)). Indeed, Testa raises several allegations in his request for relief but fails to address the primary reason Judge Martinotti dismissed his claims—untimely filing of an amended complaint and failure to show good cause for not serving Defendants. Accordingly, relief pursuant to Rule 60(b)(1) does not apply here.

Further, for the Court to set aside a judgment on the basis of fraud under Rule 60(b)(3), Testa must show with clear and convincing evidence: "(1) that the adverse party engaged in fraud or misconduct; and (2) that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983); *see also*

---

[7] In addition, Testa has also submitted several lengthy letters to the Court containing similar longwinded allegations that are untethered to reality. The contents of these letters do not impact the Court's analysis.

*Toolasprashad v. Wright*, No. 02-5473, 2008 WL 4845306, at *5 (D.N.J. Nov. 3, 2008); *July v. D'ilio*, No. 13-6741, 2018 WL 3492144, at *2 (D.N.J. July 20, 2018). However, Testa's argument that Defendants committed fraud by filing Rule 12 motions in an "attempt to close the pleadings" (ECF No. 71 at 30), does not constitute the type of fraud or misconduct to justify relief under Rule 60(b)(3). Moreover, Testa advances no evidence to support the assertion that Defendants engaged in fraud to prevent him from presenting his case. Rather, Testa's thirty-seven-page brief focuses on joining additional defendants, raising new allegations, and further detailing previous allegations. Indeed, relief pursuant to a Rule 60(b)(3) motion is not warranted when "it is merely an attempt to re-litigate the case or if the court otherwise concludes . . . that fraud or misrepresentations or other misconduct has not been established." *LeJon-Twin El v. Marino*, No. 16-2292, 2017 WL 3400001 at, *3 (D.N.J. Aug. 7, 2017) (citation omitted). Accordingly, relief pursuant to Rule 60(b)(3) does not apply here.

Likewise, with respect to Rule 60(b)(6), the motion "must be fully substantiated by adequate proof and its exceptional character must be clearly established." *FDIC v. Alker*, 234 F.2d 113, 116-17 (3d Cir. 1956). To the extent Testa contends Rule 60(b)(6) applies because "[j]ustice favors adjudication on the merits," (ECF No. 71 at 31), the argument does not constitute an extraordinary, and special circumstance to justify reopening the case. *Gonzalez*, 545 U.S. at 529; *see also Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) ("The remedy provided by Rule 60(b) is extraordinary, and [only] special circumstances may justify granting relief under it." (internal citation omitted)). Although courts must liberally construe submissions by *pro se* parties, Testa's *pro se* status does not exempt him from compliance with court orders and applicable rules. *See Jones v. Sec'y Pennsylvania Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014) ("Although we liberally construe *pro se* filings, [plaintiff] is not exempt from procedural rules or the

consequences of failing to comply with them."). Therefore, relief pursuant to Rule 60(b)(6) does not apply here. *See Weber v. Pierce*, No. 13-0283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) ("A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." (citation omitted)). Accordingly, Testa's Rule 60 motion for relief of the February 20, 2018 Order is **DENIED.**

## Conclusion

For the reasons set forth above, Testa's Motion for Relief of the January 30, 2018 Order (ECF No. 70) and Motion for Relief of the February 20, 2018 Order (ECF No. 71) are **DENIED.** An appropriate Order will follow.


Date: November 6, 2018                                          */s/ Freda L. Wolfson*
                                                                HON. FREDA L. WOLFSON
                                                                UNITED STATES DISTRICT JUDGE